UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY ROY HEISEY, | : | CIVIL ACTION NO. **1:15-CV-0824** |
| Petitioner | : | (Judge Kane) |
| v. | : | (Magistrate Judge Saporito) |
| SUPERINTENDENT SCI COAL TOWNSHIP, et al., | : | |
| Respondents | : | |

## **REPORT AND RECOMMENDATION**

Anthony Roy Heisey ("Heisey"), an inmate at the State Correctional Institution at Coal Township, Pennsylvania, filed, *pro se*, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 27, 2015. (Doc. 1). Heisey has paid the filing fee. (Doc. 9).

A 28 U.S.C. §2254 petition may be brought in the federal judicial district in which the state court of the conviction is located and, when the prisoner is confined in a prison located in another federal district in the same state as the state of conviction, the petition may be brought in the district of confinement. The district court for the district in which the petition is filed may transfer the petition to the district court

1

for the district of the conviction when to do so is in the interests of justice. 28 U.S.C. §2241(d).

Heisey is challenging his May 10, 1993 conviction for first degree murder and his sentence of life imprisonment imposed in the Lancaster County Court of Common Pleas, Lancaster, Pennsylvania. (Doc. 1, p. 1). Heisey claims in ground one of the petition that the government failed to meet its burden of proof based on false evidence, a confusing jury charge, and ineffective assistance of counsel. (Doc. 1, p. 5).

Heisey is currently a prisoner at the State Correctional Institution at Coal Township, Pennsylvania, which is in the Middle District of Pennsylvania. He is challenging a conviction in Lancaster County, Pennsylvania, which is in the Eastern District of Pennsylvania. All records of conviction, transcripts of proceedings, witnesses, and counsel are located within the Eastern District of Pennsylvania.

It will be in the interests of justice to transfer this petition to the United States District Court for the Eastern District of Pennsylvania. All of the conduct giving rise to Heisey's habeas claims, as well as his challenged state court conviction and life sentence, occurred in the Eastern District of Pennsylvania.

Based on the foregoing, it is respectfully recommended that this case be transferred to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §2241(d).  *See Reinhold v. Rozum*, 2007 WL 4248273 (M.D. Pa.); *Wright v. Tennis*, 2007 WL121855 (M.D. Pa.); *Wright v. Diguglielmo*, 2007 WL 1437491 (E.D. Pa.); *Morales v. Palakovich*, Civil No. 10-0036, M.D. Pa., 2-9-10 Order, J. Kosik (§ 2254 Habeas Petition of inmate confined in Middle District of Pennsylvania challenging his Lancaster County, Pennsylvania, conviction and sentence was transferred to the Eastern District of Pennsylvania).

*s/ Joseph F. Saporito, Jr.*
**JOSEPH F. SAPORITO, JR.**
**United States Magistrate Judge**

**Dated: July 13, 2015**

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY ROY HEISEY, | : | CIVIL ACTION NO. **1:15-CV-0824** |
| | : | |
| Petitioner | : | (Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Saporito) |
| | : | |
| SUPERINTENDENT SCI COAL TOWNSHIP, et al., | : | |
| | : | |
| Respondents | : | |

# NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **July 13, 2015.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however,

need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

                                                <u>s/ Joseph F. Saporito, Jr.</u>
                                                **JOSEPH F. SAPORITO, JR.**
                                                **United States Magistrate Judge**

**Dated: July 13, 2015**